USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/23/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ANDREW GURDON, EXECUTOR—419         :
ESTATES, LLC,                       :
                                    :
          Plaintiff,         :
                                    :
  -v-                              :
                                    :
DORAL BANK., *et al.*,              :
                                    :
          Defendants.        :
--------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

15-CV-5674 (GBD) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

**To The Honorable George B. Daniels, United States District Judge:**

      Plaintiff Andrew Gurdon, proceeding *pro se* as "executor" of 419 Estates, LLC

("Plaintiff"), brings this action against 12 defendants ("Defendants") alleging

various federal and state causes of action all of which arise from a mortgage on a

property located at 419 East 142nd Street in the Bronx that was foreclosed upon.

Gurdon's claims relate to actions various Defendants took when offering him the

original mortgage or when foreclosing upon the property.  Multiple Defendants have

moved to dismiss the Amended Complaint pursuant to Federal Rules of Civil

Procedure 12(b)(1) and 12(b)(6).  Defendants argue, *inter alia*, that: (1) this Court

lacks subject matter jurisdiction over the instant action under the *Rooker-Feldman*

doctrine because a New York State court has previously adjudicated and rejected

the same claims Gurdon now brings in federal court; (2) Gurdon's claims are barred

by the doctrine of *res judicata*; and (3) even if not barred, Gurdon's claims are

meritless. For the reasons that follow, I recommend that the motions to dismiss be granted and the Amended Complaint be dismissed with prejudice.

## I. BACKGROUND

### A. Underlying Facts and Related Litigation

Gurdon's claims concern the ownership of a property located at 419 East 142nd Street, Bronx, New York 10454. Amended Complaint ("Am. Compl.") (Dkt. No. 25) at ¶ 36. On June 4, 2004, Gurdon entered into a mortgage loan agreement with Astoria Federal Savings & Loan ("Astoria"). *See* Am. Compl. at ¶¶ 6, 21; *see also* Motion to Dismiss Amended Complaint by Granoff, Walker & Forlenza ("Forlenza Motion") (Dkt. No. 61) Ex. C at 18.[1] This mortgage was subsequently assigned from Astoria to Madison National Bank ("Madison") and then to Doral Bank ("Doral"). Am. Compl. at ¶¶ 6-8, 22-23. On October 12, 2012, Doral initiated a foreclosure action in Bronx County Supreme Court. Am. Compl. at ¶ 27. After Gurdon's failure to respond to a February 5, 2013 motion seeking default judgment and foreclosure, the state court granted this motion on June 4, 2013. *See* Forlenza Motion Ex. D at 2. The property was sold at auction on July 24, 2014 for $950,000.00, and the sale was entered on July 29, 2014. *Id.* Ex. I at 2.

### B. The Instant Action

Gurdon filed his complaint in this action on July 20, 2015, which he amended on September 15, 2015. (Dkt. Nos. 1, 25). In his Amended Complaint, he asserts multiple claims all of which relate either to the origination of the underlying

---

[1] Citations to the exhibits to the Forlenza Motion correspond to the page numbers as generated by the Court's electronic filing system.

mortgage or to actions taken by Defendants during the foreclosure process. Gurdon

brings suit against the three banks identified above (Astoria, Madison, and Doral).

Additionally, Gurdon has sued various individuals or entities associated with the

foreclosure proceedings. Specifically, Gurdon brings suit against: 1) Kenneth

DiGregorio, an officer of Doral; 2) Granoff, Walker & Forlenza, P.C., the law firm

that filed the foreclosure action on behalf of Doral; 3) Lynn Forlenza, an attorney at

Granoff, Walker & Forlenza; 4) Lawrence Glynn, a former attorney at Granoff,

Walker & Forlenza; 5) Donovan, LLP, counsel to Doral during the foreclosure

proceeding; 6) Alan Polacek, an attorney at Donovan, LLP; 7) Novick, Edelstein,

Lubell, Reisman & Wasserman, counsel for the receiver in the state foreclosure

action; 8) Chung Lee, who Gurdon claims acquired ownership of the property

through the foreclosure sale; and 9) Smith, Buss, and Jacobs, LLP, which was

substituted in as counsel for the mortgagee after the judgment of foreclosure was

entered. Am. Compl. at ¶¶ 6-17.

Of the 12 defendants, eight have filed motions to dismiss. *See* Dkt. Nos. 43

(Smith, Buss & Jacobs), 49 (the Federal Deposit Insurance Corporation ("FDIC") as

receiver for Doral), 58 (Kenneth DiGregrio), 61 (Lynn Forlenza and Granoff, Walker

& Forlenza), 65 (Novick, Edelstein, Lubell, Reisman & Wasserman), 72 (Lawrence

Glynn), and 88 (Astoria).[2]  Gurdon opposed all but one of these motions in two

---

[2] On October 29, 2015, the FDIC moved to amend the caption of the case to reflect
the substitution of the FDIC-Receiver in place of Doral. The FDIC was appointed
Receiver for Doral on February 27, 2015 after Doral was closed by the
Commissioner of Financial Institutions of the Commonwealth of Puerto Rico. Dkt.
No. 47. However, because the Court recommends that this case be dismissed in its
entirety, this motion would be moot.

separate submissions filed on December 8, 2015.[3] (Dkt. Nos. 75, 76). The moving

Defendants then replied in further support of their motions. (Dkt. Nos. 77, 78, 79,

82, 83, 85).

Three other Defendants have answered the Amended Complaint. *See* Dkt.

Nos. 30 (Donovan, LLP and Alan Polacek), and 48 (Chung Lee). In their answers,

Defendants seek dismissal of the Amended Complaint. *See* Dkt. No. 30 at 20; Dkt.

No. 48 at 16. The only Defendant to neither answer nor move to dismiss the

Amended Complaint is Madison. Though it was served with the initial complaint

on August 12, 2015, *see* Dkt. No. 6, the docket does not reflect Madison was served

with the Amended Complaint.[4]

## C. Claims in the Amended Complaint

In his Amended Complaint, Gurdon asserts 12 causes of action he

characterizes as follows: (1) deprivation of rights under color law pursuant to 42

---

[3] Gurdon did not submit opposition papers to Astoria's motion to dismiss, Dkt. No. 88, which was filed on December 21, 2015.

[4] Although only eight of the 12 Defendants have moved to dismiss, the Court recommends dismissal of the action as to all defendants. *See, e.g.*, *Zap Cellular, Inc. v. Kurland*, No. 15-CV-682 (BMC), 2015 WL 8207315, at *9 (E.D.N.Y. Dec. 6, 2015) ("[T]he Court is dismissing the [] claims against the non-moving defendants as well, despite the fact that only [one] defendant has moved to dismiss the complaint, because the [] allegations apply to all defendants across the board and plaintiffs have been given a full opportunity to plead and argue the propriety of their [] claims.") (internal citation omitted); *Le Bouteiller v. Bank of New York Mellon*, No. 14-CV-6013 (PGG), 2015 WL 5334269, at *11 n.6 (S.D.N.Y. Sept. 11, 2015) (dismissing complaint against non-moving defendant on, *inter alia*, jurisdictional ground); *Reid v. Toyota Motor Credit Corp.*, No. 12-CV-7436 (PAC) (JLC), 2013 WL 1397143, at *9 (S.D.N.Y. Apr. 8, 2013) (citing *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994)), *adopted by* 2013 WL 3776201 (S.D.N.Y. July 18, 2013) (*sua sponte* dismissal of non-moving defendant when plaintiff had notice and opportunity to be heard).

4

U.S.C. § 1983 (Am. Compl. at ¶¶ 96-98); (2) conspiracy to commit fraud and intentional interference of person pursuant to 42 U.S.C. §§ 1983 and 1985 (*id.* at ¶¶ 99-103); (3) lack of standing/wrongful foreclosure and fraudulent conversion of plaintiff's chattel paper (*id.* at ¶¶ 104-109); (4) fraudulent concealment (*id.* at ¶¶ 110-118); (5) fraud in the inducement (*id.* at ¶¶ 119-127); (6) fraud upon the court (*id.* at ¶¶ 128-130); (7) mail fraud (*id.* at ¶¶ 131-133); (8) refusal or neglect to prevent the deprivation of Plaintiff's constitutionally protected rights (*id.* at ¶¶ 134-140); (9) abuse of process (*id.* at ¶¶ 141-143); (10) obstruction of justice and denial of due process (*id.* at ¶¶ 144-156); (11) quiet title to real property (*id.* at ¶¶157-162); and (12) declaratory judgment and injunctive relief (*id.* at ¶¶ 163-169).

In his prayer for relief, Gurdon seeks: (1) actual damages in the amount of $668,000.00 for the value of his property that was allegedly fraudulently foreclosed upon; (2) $1,000,000.00 in compensatory damages for fraudulent conveyance of his property interest and intentional interference with his property; (3) $1,000,000.00 for depriving him of his rights under color of law; (4) $1,000,000.00 in punitive and exemplary damages; (5) that the foreclosure be deemed void and vacated; (6) free and clear title to the property; (7) that the underlying loan transaction be deemed void; and (8) that the actions of all Defendants be deemed "unfair and deceptive business practices." *See* Am. Compl. at pp. 38-40.

5

## II.   DISCUSSION

### A.   Applicable Legal Standards

#### 1.   Rule 12(b)(1) Motions

"'Where, as here, the defendant moves for dismissal under Rule 12(b)(1), as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined.'" *L.M., et al. v. Johnson*, No. 14-CV-3833 (NGG) (VMS), 2015 WL 8540876, at *2 (E.D.N.Y. Dec. 7, 2015) (quoting *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990)). *See Gunn v. Ambac Assur. Corp.*, No. 11-CV-5497 (PAC) (JLC), 2012 WL 2401649, at *10 (S.D.N.Y. June 26, 2012), *adopted by* 2012 WL 3188849 (S.D.N.Y. Aug. 6, 2012).

"'Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper when the district court lacks the statutory or constitutional power to adjudicate it.'" *Gelmart Indus., Inc. v. Everready Battery Co., Inc.*, No. 13-CV-6310 (PKC), 2014 WL 1512036, at *2 (S.D.N.Y. Apr. 15, 2014) (quoting *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009)). In deciding such a motion, the Court construes the complaint in the plaintiff's favor and accepts all factual allegations as true. *Id.* However, "'[j]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Ryan v. United States*, No. 15-CV-2248 (GHW), 2015 WL 7871041, at *3 (S.D.N.Y. Dec. 3, 2015) (quoting *APWU v. Potter*, 343 F.3d 619, 623

6

(2d Cir. 2003)). In evaluating a Rule 12(b)(1) motion, the Court may refer to evidence outside the pleadings. *See Gunn*, 2012 WL 2401649, at *10 (citing *Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir. 2002) (evaluating motion to dismiss for lack of subject matter jurisdiction under *Rooker-Feldman* by considering materials extrinsic to complaint)).

### 2.    Rule 12(b)(6) Motions

Under Rule 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Here too the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the non-moving party. *See, e.g., Nwozuzu v. United States*, No. 14-CV-8589 (LGS), 2015 WL 4865772, at *3 (S.D.N.Y. Aug. 12, 2015) ("On a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the non-moving party.") To survive dismissal, the plaintiff must plead facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court holds *pro se* complaints to less stringent standards than formal pleadings drafted by lawyers and liberally construes them to raise the strongest arguments they suggest. *See, e.g., Morales v. Related Management Co.*, No. 13-CV-

8191 (KMK), 2015 WL 7779297, at \*4 (S.D.N.Y. Dec. 2, 2015) (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). However, the Court need not accept as true "conclusions of law or unwarranted deductions of fact." *Gordon v. Invisible Children, Inc.*, No. 14-CV-4122 (PGG), 2015 WL 5671919, at \*3 (S.D.N.Y. Sept. 24, 2015) (quoting *Whitfield v. O'Connell*, No. 09-CV-1925 (WHP), 2010 WL 1010060, at \*4 (S.D.N.Y. Mar. 18, 2010)). Additionally, a *pro se* litigant is "bound by the same rules of law, including preclusion law, as those represented by counsel." *Fertig v. HRA Med. Assistance Program*, No. 10-CV-8191 (RPP), 2011 WL 1795235, at \*4 (S.D.N.Y. May 6, 2011) (internal quotation marks and citation omitted).

### 3. The *Rooker-Feldman* Doctrine

Pursuant to the *Rooker-Feldman* doctrine, only the United States Supreme Court may hear an appeal from a state-court judgment. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Other federal courts lack jurisdiction over claims that are "inextricably intertwined" with a prior determination issued by a state court. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). "In 2005, the Supreme Court confined this doctrine to cases 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Quiroz v. U.S. Bank Nat. Ass'n*, No. 10-CV-2485 (KAM) (JMA), 2011 WL 2471733, at \*4 (S.D.N.Y. May 16, 2011) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005) ("Exxon")), *adopted by* 2011 WL 3471497 (S.D.N.Y. Aug. 5, 2011).

8

In light of *Exxon*, the Second Circuit articulated four requirements that must be met for the *Rooker-Feldman* doctrine to apply: (1) the plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must ask the district court to review and reject that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). The Second Circuit has classified the first and fourth requirements as "procedural" and the second and third requirements as "substantive." *Gunn*, 2012 WL 2401649, at *11 (citing *Hoblock*, 422 F.3d at 85).

### 4.   *Res Judicata*

"Under the doctrine of *res judicata*, or claim preclusion, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Hinds v. Option One Mortg. Corp.*, No. 11-CV-6149 (NGG) (RER), 2012 WL 6827477, at *4 (E.D.N.Y. Dec. 6, 2012) (quoting *Monahan v. New York City Dept. of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000)), *adopted by* 2013 WL 132719 (E.D.N.Y. Jan. 10, 2013). For *res judicata* to apply, three criteria must be met: (1) the previous action was adjudicated on the merits; (2) the previous action involved the plaintiff or someone in privity with him; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action. *Id.* (citing *Monahan*, 214 F.3d at 285); *see Quiroz*, 2011 WL 2471733, at *6 (same).

The preclusive effect of a New York State court proceeding must be analyzed pursuant to New York State law. *See O'Connor v. Perison*, 568 F.3d 64, 69 (2d Cir. 2009) ("'A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'") (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). New York adopts a "transactional" approach to *res judicata*, "'barring a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief.'" *Hinds*, 2012 WL 6827477, at *5 (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). "'This transactional doctrine also applies to defenses that could have been litigated in a foreclosure action.'" *Id.* at *5 (quoting *Beckford v. Citibank N.A.*, No. 00-CV-205 (DLC), 2000 WL 1585684, at *3-4 (S.D.N.Y. Oct. 24, 2000)); *see Chestnut v. Wells Fargo Bank, N.A.*, No. 10-CV-4244 (JS) (ARL), 2011 WL 838914, at *3 (E.D.N.Y. Mar. 2, 2011) ("And '[b]ecause [P]laintiffs could have presented the same claims they now assert . . . as defenses or counterclaims in the action for foreclosure, the doctrine of *res judicata* bars this litigation.'") (quoting *Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 422 (S.D.N.Y. 2008)).

As discussed below, the Court concludes that 10 of Gurdon's claims are barred by the *Rooker-Feldman* doctrine and the other two are barred by the doctrine of *res judicata*.

10

**B.    Most of the Claims in the Amended Complaint are Barred by the *Rooker-Feldman* Doctrine**

Courts in this Circuit have consistently held that the *Rooker-Feldman* doctrine bars an attack on the judgment of a foreclosure action in state court. *See, e.g.*, *Wik v. City of Rochester*, No. 13-CV-4204, 2015 WL 8123403, at *1 (2d Cir. Dec. 8, 2015); *Hourani v. Wells Fargo Bank, N.A.*, No. 15-CV-2561 (LDW) (SIL), 2016 WL 402021, at *2 (E.D.N.Y. Feb. 1, 2016); *Barbato v. U.S. Bank Nat. Assoc.*, No. 14-CV-2233 (NSR), 2016 WL 158588, *2-3 (S.D.N.Y. Jan. 12, 2016); *Gunn*, 2012 WL 2401649, at *12-13; *Quiroz*, 2011 WL 2471733, at *4-6.

Because 10 of Gurdon's 12 claims directly challenge the judgment of the state foreclosure action, they are barred by the *Rooker-Feldman* doctrine. These claims, as he characterizes them, include: (1) deprivation of rights under color of law pursuant to 42 U.S.C. § 1983 (Am. Compl. at ¶¶ 96-98) (Count 1); (2) conspiracy to commit fraud and intentional interference of person pursuant to 42 U.S.C. §§ 1983 and 1985 (*id*. at ¶¶ 99-103) (Count 2); (3) lack of standing/wrongful foreclosure and fraudulent conversion of plaintiff's chattel paper (*id*. at ¶¶ 104-109) (Count 3); (4) fraud upon the court (*id*. at ¶¶128-130) (Count 6); (5) mail fraud (*id*. at ¶¶ 131-133) (Count 7); (6) refusal or neglect to prevent the deprivation of plaintiff's constitutionally protected rights (*id*. at ¶¶ 134-140) (Count 8); (7) abuse of process (*id*. at ¶¶ 141-143) (Count 9); (8) obstruction of justice and denial of due process (*id*. at ¶¶ 144-156) (Count 10); (9) quiet title to real property (*id*. at ¶¶157-162) (Count 11); and (10) declaratory judgment and injunctive relief (*id*. at ¶¶ 163-169) (Count 12).

11

All of these claims meet the four-part *Rooker-Feldman* test. As to the first requirement (that the plaintiff lost in state court), it is met here because the state foreclosure proceeding culminated with a default judgment against 419 Estates LLC (the entity on whose behalf Gurdon brings this suit).[5] *See* Forlenza Motion Ex. D at 2; *see also Gunn*, 2012 WL 2401649, at \*12 (loss of ownership or possession in property constitutes a loss in state court). The fourth requirement is met because the default judgment in state court was entered prior to the commencement of the federal suit. Specifically, the default judgment was entered on June 4, 2013 and Gurdon did not file his complaint in this action until July 20, 2015. *See* Forlenza Motion Ex. D at 2. As to the second and third requirements, each of these claims complains of injuries caused by the state court judgment and asks the Court to review and reject that judgment. The Court discusses the second and third requirements as applied to each claim below.

### 1. Deprivation of rights under color of law pursuant to 42 U.S.C. § 1983 (Count 1)

Gurdon alleges that the rights he is being deprived of under color of law include: "(1) The Right of Possession of my property; (2) The Right to the Control of my property; (3) The Right of the Enjoyment of my property; (4) the Right of Exclusion and Privacy of my property; (5) and the Right of Disposition of my

---

[5] The fact that Gurdon defaulted in the underlying state court proceeding does not alter this analysis. *See, e.g., Andrews v. Citimortgage, Inc.*, No. 14-CV-1534 (JS) (AKT), 2015 WL 1509511, at \*5 (E.D.N.Y. Mar. 31, 2015) ("[T]he *Rooker-Feldman* doctrine applies equally to state court judgments obtained by default.") (citing *Ballyhighlands, Ltd. v. Bruns*, 1999 WL 377098, at \*2 (2d Cir. 1999)).

property." Am. Compl. at ¶ 98.[6] Each of these alleged deprivations was caused by
the state-court judgment and would require this Court to reject that judgment to
provide a remedy. *See Posy v. HSBC Bank USA*, 991 F. Supp. 2d 422, 425 (E.D.N.Y.
2013) (Section 1983 action challenging state foreclosure proceeding barred by
*Rooker-Feldman* doctrine); *Kingston v. Deutsch Bank Nat. Trust Co.*, No. 12-CV-
6257 (JG), 2013 WL 1821107, at *3-4 (E.D.N.Y. Apr. 30, 2013) (same); *Ashby v.
Polinsky*, No. 06-CV-6778 (DLI), 2007 WL 608268, at *1-2 (E.D.N.Y. Feb. 22, 2007)
(same). Accordingly, this claim satisfies the second and third requirements of
*Rooker-Feldman* and should be dismissed.

## 2. Conspiracy to commit fraud and intentional interference of person pursuant to 42 U.S.C. §§ 1983 and 1985 (Count 2)

Next, Gurdon contends that Defendants conspired to deprive him of his
constitutionally protected rights. Specifically, he alleges that they initiated a
"fraudulent foreclosure proceeding that culminated in an adverse judgment against
Plaintiff in the foreclosure action in the State Superior Court." Am. Compl. at
¶ 102. However, again, the constitutional right that Gurdon was allegedly deprived
of implicates his property. Ruling in favor of Gurdon would require the Court to
question the validity of the state court judgment. Additionally, to the extent
Gurdon argues that the Defendants perpetrated a fraud upon the state court to
obtain this judgment, *Rooker-Feldman* nonetheless bars this claim. *See Vossbrink
v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) ("To the extent

---

[6] All capitalization set forth in the description of each count is copied from the
Amended Complaint.

13

[plaintiff] asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker–Feldman* bars [plaintiff's] claim. [Plaintiff] invites review and rejection of the state judgment.") (internal quotation omitted). Therefore, *Rooker-Feldman* bars this claim as well.

### 3. Lack of standing/wrongful foreclosure and fraudulent conversion of plaintiff's chattel paper (Count 3)

Gurdon asserts that Defendants "did not have Standing to invoke the State Court's jurisdiction to foreclose upon Plaintiff's property interests, and the foreclosure judgment rendered by said Court is void as a matter of law." Am. Compl. at ¶ 109. This claim is also barred by *Rooker-Feldman* as it directly challenges the validity of the state court ruling by arguing Defendants lacked standing in that suit and, therefore, the state court judgment should be voided. *See In re Campora*, No. 14-CV-5066 (JFB), 2015 WL 5178823, at *5 (S.D.N.Y. Sept. 3, 2015) ("[A]ny argument that HSBC lacked standing to bring the foreclosure action is barred by the *Rooker-Feldman* doctrine and *res judicata*."); *Feliciano v. U.S. Bank Nat. Ass'n*, No. 13-CV-5555 (KBF), 2014 WL 2945798, at *2-3 (S.D.N.Y. June 27, 2014) (challenge to standing in state court foreclosure action barred by *Rooker-Feldman*). Accordingly, this claim is barred as well.

### 4. Fraud upon the Court (Count 6)

In his "fraud upon the court" claim, Gurdon argues that because the Defendants perpetrated a fraud upon the state court, that "judgment is void, and should be vacated or set aside." Am. Compl. at ¶ 130. Again, Gurdon is complaining of an injury caused by the state court proceeding (the foreclosure) and

14

is asking this Court to reject this judgment. Additionally, there is not a fraud exception to the *Rooker-Feldman* doctrine. *See Roberts v. Perez*, No. 13-CV-5612 (JMF), 2014 WL 3883418, at *4 (S.D.N.Y. Aug. 7, 2014) ("[C]ourts in this District have consistently held that claims that a state-court judgment was fraudulently procured are subject to *Rooker-Feldman*.") (citing *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) ("[Plaintiff's] claim regarding this misrepresentation sounds in fraud, yet we have never recognized a blanket fraud exception to *Rooker-Feldman*.") (internal quotation omitted)). Accordingly, *Rooker-Feldman* bars this claim.[7]

### 5.    Mail fraud (Count 7)

Gurdon next alleges that Defendants sent "fraudulent correspondences by the United States Mail to Plaintiff detailing the particulars of their intentionally fraudulent foreclosure Complaint . . . to instigate their intention to defraud Plaintiff out of [his] property interests under Color of Law." Am. Compl. at ¶¶ 131, 133. This allegation is simply another iteration that Defendants perpetrated a fraudulent foreclosure proceeding and asks the Court to review and reject that state court judgment. Therefore, this claim should be dismissed.

---

[7] Some courts outside of this District have recognized a fraud exception to the *Rooker-Feldman* doctrine. *See, e.g., Roberts*, 2014 WL 3883418, at *4 n.5 (citing *Goddard v. Citibank, NA*, No. 04-CV-5317 (NGG), 2006 WL 842925, at *5 (E.D.N.Y. Mar. 27, 2006)). However, the Second Circuit has "never recognized a blanket fraud exception to *Rooker-Feldman*," *Kropelnicki*, 290 F.3d at 128, and the Court declines to adopt such an exception, instead following "courts in this District [which] have consistently held that claims that a state-court judgment was fraudulently procured are subject to *Rooker-Feldman*." *Roberts*, 2014 WL 3883418, at *4.

## 6.   Refusal or neglect to prevent the deprivation of plaintiff's constitutionally protected rights (Count 8)

Construed liberally, Gurdon asserts a claim pursuant to 42 U.S.C. § 1986, which punishes people who know of violations of 42 U.S.C. § 1985, have the power to stop those violations, and fail to do so. Am. Compl. at ¶¶ 134-40. However, as discussed, Gurdon's Section 1985 claim is barred by *Rooker-Feldman* because the constitutional right he was allegedly deprived of implicated his property, which was taken through the state foreclosure action. *See supra* at 12. To assert a viable Section 1986 claim, there must be an underlying violation of Section 1985. *See Raffaele v. City of New York*, No. 13-CV-4607 (KAM) (VVP), 2015 WL 6620620, at *9 n.4 (E.D.N.Y. Oct. 30, 2015) ("Any claim under § 1986 must fail when plaintiff's § 1985 claim fails.") (citing *White v. St. Joseph's Hosp.*, 369 Fed. App'x 225, 226 (2d Cir. 2010)). Accordingly, because Gurdon fails to set forth a viable claim under Section 1985, the Court should dismiss his Section 1986 claim as well.

## 7.   Abuse of process (Count 9)

Gurdon also alleges that Defendants "manipulated the foreclosure process to extort [his] property interest away from [him] under Color of Law." Am. Compl. at ¶ 141. He contends that the process was manipulated because Defendants knew that the "integrity" of his mortgage was compromised due to its securitization, and, therefore, Defendants did not have standing to bring the foreclosure proceeding. *Id.* at ¶ 142. This claim, however, does not materially differ from Counts 3 and 6 in which Gurdon alleges that Defendants lacked standing to pursue the foreclosure proceeding (Count 3) and that in pursuing the foreclosure proceeding Defendants

16

perpetrated a fraud upon the Court (Count 6). This claim should be dismissed for the same reasons that Counts 3 and 6 should be dismissed.

### 8. Obstruction of justice and denial of due process (Count 10)

In this claim, Gurdon alleges violations of 18 U.S.C. §§ 241 and 242, which are the criminal analogues to Sections 1983 and 1985, based upon Defendants "avoiding or omitting evidence from the Court in the foreclosure action." Am. Compl. at ¶¶ 144-45. This claim is merely a different way of articulating Gurdon's theory that Defendants perpetrated a fraud upon the court in obtaining their foreclosure judgment, which the Court previously concluded is barred by *Rooker-Feldman*. This claim fares no differently.

### 9. Quiet title to real property (Count 11)

Gurdon next "requests a judicial declaration from the Court to grant free and clear Title to the subject property to be vested in Plaintiff alone, and that the Defendant(s) be declared to have no Estate, Right, Title or interest in the subject property, and that Defendants . . . be forever enjoined from asserting any claim to Plaintiff's Estate, Right, Title and interest in the subject property." Am. Compl. at ¶ 161. This claim squarely conflicts with *Rooker-Feldman* as it expressly seeks to have the Court reverse the state-court judgment, which resulted in Gurdon being divested of his property interest. *See Riley v. Comm'r of Finance of the City of New York*, 618 Fed. App'x 16, 17 (2d Cir. 2015) ("[A]n action seeking a declaration of property ownership after loss of title pursuant to a state-court foreclosure judgment

17

[is] barred by *Rooker-Feldman*.") (citing *Vossbrinck*, 773 F.3d at 426-28).
Accordingly, this claim should be dismissed.

## 10.  Declaratory judgment and injunctive relief (Count 12)

For all the reasons articulated above, the Court should reject Gurdon's
request for a declaratory judgment that "Defendant(s) were not authorized or
empowered to proceed with the foreclosure and sale on the subject property in the
Bronx Supreme Court." Am. Compl. at ¶ 164(c). This is merely a rearticulation of
Gurdon's argument that Defendants lacked standing to foreclose on his property,
which the Court has already rejected on *Rooker-Feldman* grounds. Additionally,
Gurdon requests that the Court enjoin Defendants from taking "any action to set
the subject property for enforcement of the Referee sale pursuant to foreclosure
proceedings, and, secondly, a permanent injunction precluding the Defendant(s)
from engaging in the wrongful conduct identified herein in the future." Am. Compl.
at ¶ 169. This claim thereby complains of the harm caused by the state foreclosure
judgment and asks the Court to reject that judgment. *See Best v. Bank of Am. N.A.*,
No. 14-CV-6546 (JG) (LB), 2015 WL 5124463, at *6 (E.D.N.Y. Sept. 1, 2015)
(rejecting the "injunctive relief cause of action alleg[ing] that [Plaintiff] retains
rights in the Property and that [bank] has wrongfully threatened his quiet
enjoyment and use of the Property"). Accordingly, Gurdon's request for declaratory
and injunctive relief should be denied.

### 11.    Summary

The Court concludes that Counts 1-3 and 6-12 should all be dismissed because they are barred by the *Rooker-Feldman* doctrine.

### C.    The Remaining Claims are Barred by *Res Judicata*

Gurdon's remaining claims are barred by *res judicata*.[8]  In Counts 4 and 5 Gurdon alleges that Defendants' "fraudulent concealment"[9] and "fraud in the inducement"[10] caused him to enter into the mortgage loan agreement at issue. Am. Compl. at ¶¶ 110-127.  Liberally construed, these claims do not complain of the injury caused by the state court action or ask the Court to reject the judgment rendered therein.  Instead, these alleged harms occurred prior to the state court proceeding when Gurdon initially entered into his loan agreement.  Therefore, these claims are not barred by *Rooker-Feldman. See Babb v. Capitalsource, Inc.*, 588 Fed. App'x 66, 68 (2d Cir. 2015) ("[P]laintiffs' suit is not barred by *Rooker–Feldman*

---

[8] Counts 4 and 5 are barred solely by *res judicata* and not the *Rooker-Feldman* doctrine.  Counts 1-3 and 6-12 are, in addition to being barred by *Rooker-Feldman*, also barred by *res judicata*.  However, the Court does not engage in a *res judicata* analysis as to Counts 1-3 and 6-12 given they are independently barred by *Rooker-Feldman*.

[9] In his fraudulent concealment claim, Gurdon alleges that the Defendants "knew or should have reasonably known that had the truth been disclosed to Plaintiff, Plaintiff would not have entered into the Mortgage Loan Agreement from the beginning, and that [his] reasonable reliance on Defendant(s) misrepresentations was detrimental to [him], and resulted in a lucrative unjust enrichment for them." Am. Compl. at ¶ 113.

[10] In his fraudulent inducement claim, Gurdon alleges "Defendant Original Lender committed fraud in the factum in the Mortgage Agreement and purchase transaction of the Mortgage Agreement respectively at the inception of the purchase transaction of the Mortgage Loan Agreement." Am. Compl. at ¶ 121.

because the [second amended complaint] seeks damages for injuries suffered as a result of defendants' alleged fraud and does not attempt to reverse or undo a state court judgment."); *Hinds*, 2012 WL 6827477, at \*4 ("The *Rooker-Feldman* doctrine does not divest the Court of jurisdiction over such a claim because Plaintiff's injuries, if any, arising from that fraud were caused by Defendants' prior conduct, and not the state court judgment."). However, the Court concludes that both of these claims are barred by *res judicata. See id.* at \*5 ("Such claims regarding alleged improprieties during the formation of the mortgage agreement should have been raised in the prior state court proceeding. Thus, Plaintiff's common law fraud claim should be dismissed with prejudice on *res judicata* grounds.").

For both Counts, the first two requirements for *res judicata* are met. The state foreclosure proceeding was adjudicated on the merits, which resulted in the sale of the property at a foreclosure auction on July 24, 2014.[11] *See* Forlenza Motion Ex. I at 2. Further, the state court judgment was entered against 419 Estates LLC, the entity on whose behalf Gurdon brings the instant action as an "executor." *See*

---

[11] Gurdon's default in the state foreclosure proceeding constitutes an adjudication on the merits. *See, e.g., EDP Med. Computer Systs., Inc. v. United States*, 480 F.3d 621, 626 (2d Cir. 2007) ("That is why it has long been the law that default judgments can support *res judicata* as surely as judgments on the merits."); *Solomon v. Ocwen Loan Serv., LLC*, No. 12-CV-2856 (SJF) (GRB), 2013 WL 1715878, at \*5 (E.D.N.Y. Apr. 12, 2013) ("The fact that plaintiff defaulted in the state-court foreclosure proceedings does not preclude the application of *res judicata* to her claims, since '[a] judgment by default which has not been vacated is conclusive for *res judicata* purposes, and encompasses both issues which were raised or could have been raised in the prior action.'") (quoting *Richter v. Sportsmans Props., Inc.*, 918 N.Y.S.2d 511, 513 (2d Dep't 2011)).

20

*id.* Ex. D at 2. Therefore, the only issue is whether these claims were, or could have been, raised in the prior action.

Under New York's transactional approach to *res judicata*, these claims are barred because they arise from the "same factual grouping as [the] earlier litigated claim." *See Hinds*, 2012 WL 6827477, at *5. Courts have concluded that allegations of fraud in an underlying mortgage agreement are barred by *res judicata*, as the proper time to raise those claims was in the state foreclosure proceeding. *See, e.g., Quiroz*, 2011 WL 2471733, at *8 ("[P]laintiffs raise several fraud-based claims. In one, plaintiffs allege that they were fraudulently induced into signing the mortgage agreement . . . These claims pertain to the formation and validity of the contract . . . Therefore, they should have been raised in the initial foreclosure proceeding and are barred by *res judicata*."); *Chestnut v. Wells Fargo Bank, N.A.*, No. 10-CV-4244 (JS) (ARL), 2012 WL 3637577, at *3 (E.D.N.Y. Aug. 20, 2012) (dismissing claims, including fraudulent inducement, on *res judicata* grounds in an action challenging a state foreclosure action). Because Gurdon could have raised these claims in the state court proceeding but did not, the Court concludes they are barred by *res judicata*. Accordingly, Counts 4 and 5 should be dismissed.[12]

---

[12] The Court lacks subject matter jurisdiction over Gurdon's allegations against Doral on another ground as well. Pursuant to the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), 12 U.S.C. § 1821(d)(6)(a), the only two district courts that can hear claims against a bank such as Doral for which the FDIC is a receiver are the District of Columbia and the district in which the failed bank's principal place of business is located. *See Nials v. Bank of Am.*, No. 13-CV-5720 (AJN), 2014 WL 117504, at *7 (S.D.N.Y. Mar. 21, 2014). Here, Doral's principal place of business is in Puerto Rico. *See* Am. Compl. at ¶ 8. Additionally, Gurdon has failed to exhaust FIREEA's mandatory claims process, which is a prerequisite to bringing suit. *Nials*, 2014 WL 117504, at *6.

### D.    Gurdon's Federal Claims are Meritless

Even if *Rooker-Feldman* and *res judicata* did not bar all of Gurdon's claims, the federal claims he asserts are meritless.[13]

First, Gurdon's claim pursuant to Section 1983 fails to allege state action despite his argument that some of the Defendants are state actors because they are officers of the Court.[14] *See, e.g.*, *Williams v. Gary*, No. 14-CV-2319 (ARR) (LB), 2014 WL 1761135, at *2 (E.D.N.Y. Apr. 29, 2014) (officers of the Court are not state actors). Accordingly, Gurdon's Section 1983 claim, a statute which requires state action, should be dismissed. *See, e.g.*, *Chen v. City of New York*, 622 Fed. App'x 66, 67 (2d Cir. 2015) ("Columbia [university] employees are not subject to suit under § 1983 because they are not state actors.").

Second, Gurdon fails to assert a viable claim pursuant to Section 1985 because he fails to allege "some racial or other class-based discriminatory animus underlying defendants' actions." *Williams v. Rosenblatt Sec. Inc.*, No. 14-CV-4390 (JGK), 2015 WL 5834982, at *10 (S.D.N.Y. Oct. 7, 2015) (quoting *Porter v. Selsky*, 287 F. Supp. 2d 180, 187 (W.D.N.Y. 2003)). Because there must be an underlying Section 1985 violation for there to be a viable claim pursuant to Section 1986, Gurdon's Section 1986 claim fails as well. *See Raffaele*, 2015 WL 6620620, at *9 n.4

---

[13] Read liberally, Gurdon asserts violations of six federal statutes: (1) 42 U.S.C. § 1983 (Count 1); (2) 42 U.S.C. § 1985 (Count 2); (3) 18 U.S.C. § 1341 (Count 7); (4) 42 U.S.C. § 1986 (Count 8); (5) 18 U.S.C. § 241 (Count 10); and (6) 18 U.S.C. § 242 (Count 10).

[14] As to the Defendants that are not lawyers and thereby not officers of the Court, Gurdon sets forth no viable argument as to how they could be state actors.

Lastly, Gurdon alleges causes of action pursuant to 18 U.S.C. §§ 241, 242,

and 1341. However, each of these is a criminal statute for which there is no private

right of action. *See Pharr v. Evergreen Garden, Inc.*, 123 Fed. App'x 420, 422 (2d

Cir. 2005); *Hill v. Didio*, 191 Fed. App'x 13, 14 (2d Cir. 2006). Accordingly, these

claims should be dismissed.[15]

## E.   Gurdon Cannot Proceed *Pro Se* on Behalf of a Limited Liability Company

Finally, this action should be dismissed because Gurdon is proceeding *pro se*

on behalf of a limited liability company. It is evident from the Amended Complaint

that Gurdon is acting on behalf of the limited liability company (as an "executor" by

Gurdon's description). Thus, this action cannot proceed on a *pro se* basis. *See, e.g.*,

*Crown Fin. Solutions LLC v. TL Gilliams LLC*, No. 12-CV-669 (JGK), 2015 WL

6395901, at *3 (S.D.N.Y. Oct. 21, 2015) ("[Plaintiff] is unrepresented by counsel, and

as a limited liability company cannot be heard in this case on a *pro se* basis.") (citing

*Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1309 (2d Cir. 1991)); *Griskie, LLC*

---

[15] If the Court were to reject this report and recommendation's conclusion that the Court lacks subject matter jurisdiction over all of Gurdon's claims due to the *Rooker-Feldman* doctrine and *res judicata*, then it would have to reach the merits of the claims. As discussed above, all of Gurdon's federal claims are meritless. As to the state law claims, the only bases to exercise jurisdiction over them would be diversity jurisdiction under 28 U.S.C. § 1332(a)(1), or supplemental jurisdiction under 28 U.S.C. § 1367. As several Defendants point out and as is apparent from the Amended Complaint, Am. Compl. at ¶¶ 6-17, there is no diversity jurisdiction in this case because there is not complete diversity among the parties. Further, the Court should decline to exercise supplemental jurisdiction over these claims "since the litigation remains at an early stage and there are no significant judicial economy or fairness considerations weighing in favor of jurisdiction." *See Foster v. 2001 Real Estate*, No. 14-CV-9434 (RWS), 2015 WL 7587360, at *6 (S.D.N.Y. Nov. 24, 2015).

*v. Big Machine Records*, No. 15-CV-3186 (JS) (AYS), 2015 WL 3949015, at \*2 (E.D.N.Y. June 29, 2015) ("As a threshold matter, it is well-established that a limited liability company ('LLC') 'may appear in federal court only through a licensed attorney.'") (quoting *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007)).

### F.    Leave to Amend Should not be Granted

Gurdon should not be granted leave to amend his complaint for a second time because any such amendment would be futile given dismissal is based on jurisdictional and *res judicata* grounds. *See, e.g. MacKinnon*, 580 Fed. App'x at 45 (leave to amend need not be granted to *pro se* when dismissal based on *res judicata* as "the problem with his complaint is substantive [and] better pleading will not cure it.") (internal quotation omitted); *Campbell v. Rosenblatt*, No. 15-CV-5169 (JG), 2015 WL 6965186, at \*2 (E.D.N.Y. Nov. 10, 2015) ("[The court] need not afford [opportunity to amend] here where it is clear from plaintiff's submission that she cannot establish a basis for this Court's subject matter jurisdiction and thus any attempt to amend the complaint would be futile."); *Cunningham v. Bank of New York Mellon N.A.*, No. 14-CV-7040 (JS)(ARL), 2015 WL 4104839, at \*4 (E.D.N.Y. July 8, 2015) (denying *pro se* leave to replead after dismissal under *Rooker-Feldman*).

### III.   CONCLUSION

For the foregoing reasons, I recommend that the motions to dismiss be granted and this case be dismissed as against all Defendants.

24

## PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels and the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Daniels.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: February 23, 2016
New York, New York

JAMES L. COTT
United States Magistrate Judge

**A copy of this report and recommendation has been mailed to:**

Andrew Gurdon
1134 East 81st Street
Brooklyn, NY 11236