UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                          :

ANDREW GURDON (EXECUTOR—419      :
ESTATES, LLC),                     :
                          :
              Plaintiff,      :
                          :
       -against-          :
                          :      MEMORANDUM DECISION
DORAL BANK, KENNETH DiGREGORIO  :         AND ORDER
(SENIOR VICE PRESIDENT AND CHIEF  :
LENDING OFFICER OF DORAL BANK),   :      15 Civ. 05674 (GBD) (JLC)
ASTORIA FEDERAL SAVINGS & LOAN,   :
MADISON NATIONAL BANK, GRANOFF,   :
WALKER & FORENZA, P.C., LAWRENCE C. :
GLYNN, LYNN FORLENZA, SMITH, BUSS & :
JACOBS, DONAVAN, LLP, ALAN C.      :
POLACEK, AND UNKNOWN OTHERS, et al., :
                          :
             Defendants.    :
                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

      Plaintiff Andrew Gurdon ("Plaintiff"), proceeding *pro se* as "executor" of 419 Estates,

LLC, brings federal and state causes of action against Defendants Astoria Federal Savings &

Loan ("Astoria"); Madison National Bank ("Madison"); Doral Bank ("Doral"); Kenneth

DiGregorio; Granoff, Walker & Forlenza; Lynn Forlenza; Lawrence Glynn; Donovan, LLP;

Alan Polacek; Novick, Edelstein, Lubell, Reisman & Wasserman; Chung Lee; and Smith Buss,

and Jacobs, LLP (collectively, "Defendants").  Multiple Defendants have moved to dismiss the

Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6),

principally on the grounds that (1) this Court lacks subject-matter jurisdiction over this action

under the *Rooker-Feldman* doctrine, (2) Plaintiff's claims are barred by the doctrine of *res*

*judicata*, and (3) even if not barred, Plaintiff's claims are meritless.

Before this Court is Magistrate Judge James L. Cott's February 23, 2016 Report and Recommendation ("Report"). The Report recommends that Defendants' motions to dismiss be granted and that the Amended Complaint be dismissed with prejudice. (Report at 1–2.)[2] This Court adopts the Report in its entirety. Defendants' motions to dismiss are granted.[3]

## I.      BACKGROUND

Plaintiff entered into a mortgage loan agreement with Astoria for a property located at 419 East 142nd Street, Bronx, New York 10454. (Report at 2.) The mortgage was assigned from Astoria to Madison and later to Doral. (*Id.*) Doral initiated a foreclosure action in Bronx County Supreme Court on October 12, 2012. (*Id.*) After Plaintiff failed to respond to Doral's motion seeking default judgment and foreclosure, the state court granted that motion on June 4, 2013. (*Id.*) The property was sold at auction on July 24, 2014 for $950,000, and the sale was entered on July 29, 2014. (*Id.*)

Plaintiff filed his complaint in this action on July 20, 2015, which he amended on September 15, 2015. (*See* ECF Nos. 1 and 25.) Plaintiff asserts multiple claims in his Amended Complaint, all relating to the origination of the underlying mortgage or actions taken by Defendants during the foreclosure process. Plaintiff has brought suit against Astoria, Madison,

---

[2] All citations herein are to the Report, which itself cites to the Record.

[3] Eight Defendants filed motions to dismiss. (*See* ECF Nos. 43, 49, 58, 61, 65, 72, and 88.) Three Defendants answered the Amended Complaint and seek dismissal of the Amended Complaint in their answers. (*See* ECF Nos. 30 and 48.) Madison is the only Defendant who has neither answered nor moved to dismiss the Amended Complaint. Nevertheless, this Court adopts the Report's recommendation that this action be dismissed in its entirety. (Report at 4 n.4.) In addition, the FDIC filed a motion to amend the caption to substitute FDIC-Receiver for Doral. (*See* ECF No. 47.) This Court agrees with the Report's conclusion that the FDIC's motion is moot because the case is dismissed in its entirety. (*See* Report at 3 n.2.)

and Doral as well as various individuals and entities associated with the foreclosure proceedings. (*See* Report at 3.)

## II.    STANDARD OF REVIEW

The Court may accept, reject, or modify, in whole or in part, the findings and recommendations set forth within the Report. *See* 28 U.S.C. § 636(b)(1). When parties object to the Report, the Court must review *de novo* those portions of the Report to which objections are made. *Id.* The Court is not, however, required to conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, "[i]t is sufficient that the district court 'arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made.'" *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When the parties make no objections to the Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

The Report informed the parties that they had fourteen (14) days from service of the Report to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). (Report at 25.) More than fourteen days have elapsed since entry of the Report, and no party has filed objections to it.

This decision incorporates by reference the facts, procedural history, and standards of review for Rule 12(b)(1) and 12(b)(6) motions to dismiss as laid out in the Report. (*See* Report at 2–10.)

## III.   ALL OF PLAINTIFF'S CLAIMS ARE BARRED BY THE *ROOKER-FELDMAN* DOCTRINE OR *RES JUDICATA*

### A.   Ten of Plaintiff's Twelve Claims Are Barred by *Rooker-Feldman*

The Report correctly concludes that ten of Plaintiff's twelve claims (Counts 1–3 and 6–12)[4] are barred by the *Rooker-Feldman* doctrine. (*See* Report at 11–19.)  "Under the *Rooker–Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005)).  It "bars the federal courts from exercising jurisdiction over claims 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Sykes v. Mel S. Harris & Assocs.*, 780 F.3d 70, 94 (2d Cir. 2015) (quoting *Exxon Mobil Corp.*, 544 U.S. at 284).  This doctrine applies to foreclosure actions. *See, e.g.*, *Wik v. City of Rochester*, 632 F. App'x 661, 662 (2d Cir. 2015).

The *Rooker-Feldman* doctrine applies when four requirements are met: "First, the federal-court plaintiff must have lost in state court.  Second, the plaintiff must complain of injuries caused by a state-court judgment.  Third, the plaintiff must invite district court review and rejection of that judgment.  Fourth, the state-court judgment must have been rendered before

---

[4] The ten claims barred by the *Rooker-Feldman* doctrine are: (1) (Count 1) deprivation of rights under color law pursuant to 42 U.S.C. § 1983 (Am. Compl. at ¶¶ 96–98); (2) (Count 2) conspiracy to commit fraud and intentional interference of person pursuant to 42 U.S.C. §§ 1983 and 1983 (*id.* at ¶¶ 99–103); (3) (Count 3) lack of standing and wrongful foreclosure and fraudulent conversion of Plaintiff's chattel paper (*id.* at ¶¶ 104–109); (4) (Count 6) fraud upon the court (*id.* at ¶¶ 128–130); (5) (Count 7) mail fraud (*id.* at ¶¶ 131–133); (6) (Count 8) refusal or neglect to prevent the deprivation of Plaintiff's constitutionally protected rights (*id.* at ¶¶ 134–140); (7) (Count 9) abuse of process (*id.* at ¶¶ 141–143); (8) (Count 10) obstruction of justice and denial of due process (*id.* at ¶¶ 144–156); (9) (Count 11) quiet title to real property (*id.* at ¶¶ 157–162); and (10) (Count 12) declaratory judgment and injunctive relief (*id.* at ¶¶ 163–169).

the district court proceedings commenced." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d

77, 85 (2d Cir. 2005) (internal quotation marks and alterations omitted).

Plaintiff's allegations in Counts 1–3 and 6–12 meet the four requirements for the

application of *Rooker-Feldman*. Because the state foreclosure proceeding resulted in a default

judgment against 419 Estates, LLC, with Plaintiff as "executor," the first requirement is met

under this test. The second requirement is met because all ten claims directly arise from the state

foreclosure judgment. (*See* Report at 12–18.)[6] The third requirement is met because a ruling by

this Court in Plaintiff's favor on Counts 1–3 or 6–12 would require this Court to reject the

validity of the state court judgment. (*See* Report at 12–18.) The last requirement is met because

Plaintiff filed his Complaint in this action on July 20, 2015, over two years after the state court

entered a default judgment against Plaintiff on June 4, 2014. (*See* Report at 12.)

Therefore, Counts 1–3 and 6–12 are dismissed under the *Rooker-Feldman* doctrine.

### B.      Plaintiff's Two Remaining Claims Are Barred by *Res Judicata*

The Report correctly finds that Plaintiff's remaining two claims (Counts 4 and 5)[7] are

barred by *res judicata*.[8] "Under the doctrine of *res judicata*, or claim preclusion, a final

judgment on the merits of an action precludes the parties or their privies from relitigating issues

that were or could have been raised in that action." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d

---

[6] In Count 8, Plaintiff brings a claim under 42 U.S.C. § 1986. This statute punishes an individual
who knows of a violation under 42 U.S.C. § 1985 but does not stop the violation. Because
Plaintiff's 1985 claim is barred by *Rooker-Feldman*, this Court agrees with the Report's
conclusion that Plaintiff's claim under 42 U.S.C. § 1986 should be dismissed as well.

[7] In Counts 4 and 5, Plaintiff alleges that Defendants' "fraudulent concealment" and "fraud in the
inducement" caused him to enter into the mortgage loan agreement. (Report at 19 n.8)

[8] The Report correctly finds that Counts 1–3 and 6–12 are also barred by *res judicata*. (Report at
19 n.8.) However, because they are already barred by *Rooker-Feldman*, this Court does not need
to engage in an additional *res judicata* analysis as to those counts.

493, 499 (2d Cir. 2014) (quoting *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000)).

The preclusive effect of a New York state court proceeding is analyzed under New York state

law. *See O'Connor v. Pierson*, 568 F.3d 64, 69 (2d Cir. 2009). "In New York, '*res judicata* . . .

bars successive litigation [of all claims] based upon the same transaction or series of connected

transactions . . . if: (i) there is a judgment on the merits rendered by a court of competent

jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous

action, or in privity with a party who was.'" *Sheffield v. Sheriff of Rockland Cty. Sheriff Dep't*,

393 F. App'x 808, 811 (2d Cir. 2010) (quoting *People ex rel. Spitzer v. Applied Card Sys., Inc.*,

894 N.E.2d 1, 12 (N.Y. 2008)).  The requirements of New York's *res judicata* test are met

because (1) the foreclosure proceeding in the state court was adjudicated on the merits, and (2)

the state court judgment was entered against 419 Estates LLC, and Plaintiff brings this action as

"executor" of the same corporation.  (Report at 20–21.)

Therefore, Counts 4 and 5 are barred by *res judicata*.

## IV.   PLAINTIFF'S ACTION CANNOT PROCEED ON A *PRO SE* BASIS

The Report correctly finds that Plaintiff cannot proceed *pro se* because he is acting on

behalf of a limited liability company. (Report at 23–24.)  *See, e.g.*, *Crown Fin. Sols. LLC v. TL*

*Gilliams LLC*, No. 12 Civ. 00669, 2015 WL 6395901, at *3 (S.D.N.Y. Oct. 21, 2015)

("[Plaintiff] is unrepresented by counsel, and as a limited liability company cannot be heard in

this case on a *pro se* basis.") (citing *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1309 (2d

Cir. 1991)).

## V.   PLAINTIFF DOES NOT HAVE LEAVE TO AMEND

The Report correctly finds that Plaintiff should not have leave to amend the Complaint a

second time.  (Report at 24.)  Plaintiff cannot fix the jurisdictional and *res judicata* bars on his

claims through better pleading. *See, e.g., Campbell v. Rosenblatt*, No. 15 Civ. 05169, 2015 WL 6965186, at *2 (E.D.N.Y. Nov 10, 2015) ("[The Court] need not afford [opportunity to amend] here where it is clear from plaintiff's submission that she cannot establish a basis for this Court's subject matter jurisdiction and thus any attempt to amend the complaint would be futile.").

## VI.    CONCLUSION

Defendants' motions to dismiss are GRANTED, and this case is dismissed with prejudice against all Defendants.

The Clerk of the Court is directed to close this case.

Dated: June 20, 2016                                SO ORDERED.
       New York, New York


                                                    *George B Daniel*
                                                    GEORGE B. DANIELS
                                                    United States District Judge